IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE CEMENT MASONS PENSION FUND, LOCAL 502; TRUSTEES OF THE CEMENT MASONS INSTITUTE OF CHICAGO, ILLINOIS; TRUSTEES OF THE CEMENT MASONS SAVINGS FUND, LOCAL 502; TRUSTEES OF THE CEMENT MASONS APPRENTICE EDUCATION AND TRAINING FUND, LOCAL 502, | ) ) ) ) ) ) ) ) | No. 18 CV 5471<br><br>Judge<br><br>Magistrate Judge |
| Plaintiffs | ) ) | |
| v. | ) ) | |
| CHICAGO TOWN CONSTRUCTION, INC. AN ILLINOIS CORPORATION, | ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiffs, TRUSTEES OF THE CEMENT MASONS PENSION FUND, LOCAL 502, TRUSTEES OF THE CEMENT MASONS INSTITUTE OF CHICAGO, ILLINOIS, TRUSTEES OF THE CEMENT MASONS SAVINGS FUND, LOCAL 502, and TRUSTEES OF THE CEMENT MASONS APPRENTICE EDUCATION AND TRAINING FUND, LOCAL 502, by their attorneys, DONALD D. SCHWARTZ, and ARNOLD AND KADJAN, LLP, complain against Defendant, CHICAGO TOWN CONSTRUCTION, INC., as follows:

## JURISDICTION AND VENUE

1. (a) Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1132 ("ERISA") and 29 U.S.C. 1145 as amended.

(b) Venue is founded pursuant to 29 U.S.C. Section 1132(e) (2) in this district, where the Funds as described in Paragraph 2, are administered and 29 U.S.C. Section 185(c).

## PARTIES

2. (a) The Plaintiffs in this count are TRUSTEES OF THE CEMENT MASONS PENSION FUND, LOCAL 502, TRUSTEES OF THE CEMENT MASONS INSTITUTE OF CHICAGO, ILLINOIS, TRUSTEES OF THE CEMENT MASONS SAVINGS FUND, LOCAL 502, and TRUSTEES OF THE CEMENT MASONS APPRENTICE EDUCATION AND TRAINING FUND, LOCAL 502 ("the Funds"), and have standing to sue pursuant to 29 U.S.C. 1132(a)(3).

(b) The Funds have been established pursuant to collective bargaining agreements previously entered into between the Cement Masons Union and its affiliated locals (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

(c) The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

3. (a) CHICAGO TOWN CONSTRUCTION, INC., an Illinois corporation (hereafter "CHICAGO"), employs employees represented by the Union and is bound to make contributions for hours and weeks worked by all employees and upon subcontractors who perform work which would otherwise be performed by employees.

(b) CHICAGO has its principal place of business in Mount Prospect, Illinois.

(c) CHICAGO is an employer engaged in an industry affecting commerce.

4.   Since March 11, 1991, CHICAGO has entered into successive collective bargaining agreements with the Union pursuant to which it is required to pay specified wages and to make periodic contributions to the Funds on behalf of certain of its employees.  (Exhibit A)

5.   By virtue of certain provisions contained in the collective bargaining agreements, CHICAGO is bound by the Trust Agreement establishing the Funds.

6.   Under the terms of the collective bargaining agreements and Trust Agreements to which it is bound, CHICAGO is required to make contributions to the Funds on behalf of its employees and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiffs' accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

7.   An audit was completed for the time period of July 1, 2014 through June 30, 2017, and it showed a total of $31,055.70 is due and owing, plus attorney's fees and costs.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A.   Judgment be entered against CHICAGO and in favor of Plaintiffs, in the amount shown due under the audit of $31,055.70.

B.   Plaintiffs be awarded their attorneys' fees, costs, interest, and liquidated damages pursuant to 29 U.S.C. 1132(g)(2) and Section 502(g)(2).

C.   CHICAGO be enjoined from violating the terms of the collective bargaining agreements and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments.

D.   This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

Respectfully submitted,

TRUSTEES OF THE CEMENT MASONS
PENSION FUND, LOCAL 502, et al.


By:    s/ Donald D. Schwartz
       One of their Attorneys

Donald D. Schwartz
ARNOLD AND KADJAN LLP
35 E. Wacker Dr., Suite 600
Chicago, Illinois 60601
(312) 236-0415

4